In re Report of the Commission on Continuing Legal Education.

[Name of Attorney] ( # [Attorney Registration No.]), Respondent.

ORDER
[Filed March 14, 2002]

This matter originated in this Court on the filing of a report by the Commission on Continuing Legal Education (the "Commission") pursuant to Gov. Bar R. X, Sec. 6, Div. (A)(1)(b) and Div. (A)(2)(d). The Commission recommended the imposition of sanctions against certain attorneys, including the above-named respondent, for failure to comply with the provisions of Gov. Bar R. X, Attorney Continuing Legal Education, for the 1999–2000 reporting period.

On November 14, 2001, pursuant to Gov. Bar R. X, Sec. 6, Div. (B)(1), this Court issued to the respondent an order to show cause why the Commission's recommendation should not be adopted and an order so entered against the respondent. Respondent filed objections to the Commission's recommendation, the Commission filed an answer brief, and this cause was considered by the Court. Upon consideration thereof,

IT IS ORDERED by the Court, *sua sponte*, that respondent shall pay to the Commission on Continuing Legal Education, within 30 days of the date of this order, by certified check, bank check or money order, a sanction fee which is hereby imposed in the total amount of $[      ].

IT IS FURTHER ORDERED that the Clerk of the Court shall record the respondent's status on the roll of attorneys as "NOT IN GOOD STANDING" until such time as the respondent has complied with this Order but that this Order shall not be considered a disciplinary order pursuant to Gov. Bar R. V or Gov. Bar R. X, Sec. 6, Div. H.

IT IS FURTHER ORDERED that the Commission shall notify the Clerk of the Court when payment of the imposed sanction has been made by respondent.

IT IS FURTHER ORDERED that, payment of the sanction notwithstanding, respondent shall comply with the requirements imposed by Gov. Bar R. X for the 1999–2000 reporting period. See CLE Reg. 503.04.

| Attorney Name | Registration Number | Residence County | Residence State | Employer County | Employer State | Sanction Amount |
|---|---|---|---|---|---|---|
| Leon Simmons Jr. | 0023786 | Cuyahoga | OH | | | $150.00 |
| James Constantine Venizelos | 0056076 | Cuyahoga | OH | | | $100.00 |
| Richard Alden Smith | 0043739 | | CA | | CA | $600.00 |
| Robert Bond Young | 0013608 | | DE | | DE | $750.00 |
| Robert John Winston | 0038389 | | IL | | IL | $490.00 |
| James Patrick Shields | 0068962 | | PA | | PA | $100.00 |
| Alaine Young Miller | 0058686 | | WA | | WA | $150.00 |
| Marilyn Pokorny | 0009888 | Cuyahoga | OH | Cuyahoga | OH | $700.00 |
| Michael Paul Varga–Sinka | 0012046 | Cuyahoga | OH | Cuyahoga | OH | $500.00 |
| James Christopher Sestak | 0059528 | Cuyahoga | OH | Cuyahoga | OH | $400.00 |
| Jessica Elaine Price | 0068782 | Cuyahoga | OH | Cuyahoga | OH | $150.00 |
| Elizabeth Ann Perl | 0068940 | Cuyahoga | OH | Cuyahoga | OH | $150.00 |
| Jay Wilson Maynard | 0029359 | Franklin | OH | Franklin | OH | $620.00 |
| Larry Brian Shoemaker | 0046715 | Franklin | OH | Franklin | OH | $600.00 |
| Tina Kay Manning | 0025550 | Hamilton | OH | Hamilton | OH | $600.00 |
| Barbara Joan Morsa | 0059849 | Montgomery | OH | Hamilton | OH | $230.00 |

| Attorney Name | Registration Number | Residence County | Residence State | Employer County | Employer State | Sanction Amount |
|---|---|---|---|---|---|---|
| Jeffrey Thomas Vild | 0029535 | Lucas | OH | Lucas | OH | $100.00 |

In re Report of the Commission :
on Continuing Legal Education. :
:       **ENTRY**
Mark Steven Sinkiewicz :
( # 0060022), :
Respondent.

This matter originated in this court on the filing of a report by the Commission on Continuing Legal Education (the "commission") pursuant to Gov.Bar R. X(6)(A)(1)(b) and (A)(2)(d). The commission recommended the imposition of sanctions against certain attorneys, including the above-named respondent, for failure to comply with the provisions of Gov.Bar R. X, Attorney Continuing Legal Education, for the 1997–1998 reporting period.

On April 6, 2000, this court adopted the recommendation of the commission, imposed a sanction fee upon the respondent and suspended the respondent from the practice of law pursuant to Gov.Bar R. X(6)(B)(3), and Gov.Bar R. X(5)(A)(4). The court further ordered that respondent shall not be reinstated to the practice of law in Ohio until respondent complies with the requirements for reinstatement set forth in Gov.Bar R. X(7); respondent complies with the Supreme Court Rules for the Government of the Bar of Ohio, respondent complies with this and all other orders of the court, and this court orders respondent reinstated.

On March 7, 2002, the commission filed a recommendation pursuant to Gov.Bar R. X(7)(B)(2), finding that the respondent has paid all fees assessed for noncompliance, has made up all deficiencies and is now in full compliance with all requirements of Gov.Bar R. X, and recommending that the respondent be reinstated to the practice of law in Ohio. On March 7, 2002, the commission certified that respondent had completed the credit hours of continuing legal education required during his suspension by this court's order of suspension. Upon consideration thereof,

IT IS ORDERED by the court that the recommendation of the commission is adopted and respondent, Mark Steven Sinkiewicz, is hereby reinstated to the practice of law.